MISSISSIPPI STATE HIGHWAY COMMISSION *v.* PARKER

No. 43003 April 13, 1964 162 So. 2d 852

*Boyd, Holifield & Harper,* Laurel, for appellant.

*Wm. Harold Odom*, Laurel, for appellee.

GILLESPIE, J.

Lewis R. Parker, herein called Owner, filed suit in chancery court against the Mississippi State Highway Commission, herein called Commission, for damages for the wrongful taking for highway purposes of .6338 acres

of land. From a decree for $3800 damages, the Commission appeals.

On September 26, 1956, the Owner purchased from Mrs. Lillian Upchurch a lot fronting 264 feet on Parker Drive and 330 feet on Mississippi Highway No. 15. The property joins the city limits of Laurel, Jones County. The deed was placed on record and duly recorded on February 4, 1957. On April 26, 1957, Mrs. Lillian Upchurch executed a deed to the Commission conveying 3.63 acres of land for right of way purposes. Included in the description as a part of the 3.63 acres of land conveyed was .6338 acres of Owner's land that Mrs. Upchurch had theretofore conveyed to Owner. This is the same land involved in this suit. On June 1, 1959, the Commission began a construction project on State Highway No. 15 and took for such highway purposes .6338 acres of Owner's land. The part taken fronted 91 feet on Parker Drive and 330 feet on Highway No. 15, the strip being of irregular width in that the depth extending back from Highway No. 15 was irregular in distance. In 1961 Owner moved a trailer home on that part of the property not taken by the Commission and lived therein until the case was tried in April 1963.

The Commission contends that the trial court erred in not sustaining its plea of the three-year statute of limitations as provided by Sec. 8038.1, Miss. Code of 1942. The statute referred to was enacted as Chap. 410, Laws of 1950, as follows:

''AN ACT authorizing the conveyance or assignment of easements to the Highway Commission or the Board of Supervisors of any county for highway purposes and fixing the limitation for the bringing of any actions accruing thereby.

''BE it enacted by the Legislature of the State of Mississippi:

''Section 1. The conveyance or assignment of easements for highway purposes may be made by the owner

thereof to the Mississippi State Highway Commission or the Board of Supervisors of any county for highway purposes. All actions by any person owning any interest in the land involved in such conveyance or assignment accruing as a result thereof must be brought within three years after the date of such conveyance or assignment, provided, however, that the land involved is actually used for highway purposes or notice is posted thereon that it will be used for highway purposes, within said three-year period, otherwise said period shall be six years from the date of such conveyance or assignment.

"Section 2. The procedure provided hereby with reference to the conveyance or assignment of easements is supplemental to all rights and powers now authorized for and existing under the present law in said Commission and Boards, and is not intended as a limitation on same in any manner."

We are of the opinion that the limitation provided in said statute was not intended to apply to cases such as this. The statute is concerned only with conveyances and assignments made by the owner and the limitations apply only to actions accruing as a result of such conveyances or assignments. It follows that it has no application to a conveyance or assignment made by one not the owner of that conveyed or assigned or to actions not accruing as a result of a conveyance or assignment made by the owner. Mrs. Lillian Upchurch was not the owner of the .6338 acres of land involved in this suit and had no interest therein. Nor did the action by Owner accrue as a result of the conveyance. Owner's action accrued as a result of the wrongful appropriation of his land by the Commission without compliance with Section 17, Mississippi Constitution. We hold that the action was not barred by the three-year statute of limitations included in Code Sec. 8038.1.

 The only other assignment of error justifying comment is that the amount of damages awarded Owner is so large as to shock the enlightened conscience of the court. The testimony on the question of damages was conflicting. The chancellor viewed the premises. We cannot confidently say that the amount awarded was so excessive that this Court should interfere. It would serve no useful purpose to set out the evidence on this question.

We find no reversible error. The case is affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.